Dear Mr. Berrigan:
I am in receipt of your request for an Attorney General's opinion concerning whether the annexation of property by a municipality, in and of itself, prohibits and prevents the collection of taxes that have been levied upon those annexed lands by a fire protection district.
With respect to this request, you provide the following facts: In 1977, the St. Tammany Parish Council, the St. Tammany parish governing authority, created St. Tammany Fire Protection District No. 12 ("fire district"). Initially, the boundaries of the district included the entire Third Ward which encompassed the City of Covington. However, in 1984, at the insistence of the mayor and city council of the City of Covington, the Parish Council changed the fire district's boundaries and excluded Covington. It was at this time, 1984, that the fire district incurred a bonded indebtedness to purchase fire equipment and to make capital improvements. The bonded indebtedness becomes due on March 1, 2013.
Since that time, the City of Covington has annexed certain commercial and residential lands within the fire district's boundaries. The City and the fire district have not agreed upon who shall have the exclusive right to provide services in the annexed area. Despite the annexation, the fire district continues to provide services in the annexed areas whenever the City of Covington's dispatcher gives it notice of a call and to collect taxes there.
The question is, can the fire district collect taxes levied upon those lands annexed by the City of Covington?
In answer to your question, we refer you to La. R.S. 33:221, which provides, in pertinent part, the following:
 § 221. Contracts; taxes *Page 2 
 A. If a municipality annexes territory contained in a parochial water, sewer, or fire protection district, hereinafter collectively referred to as special service districts, the municipality and each such special service district are hereby authorized to enter into a contract granting to either the municipality or the special service district the exclusive right to provide service in the annexed area.
 B. If the municipality and the special service districts provide in the contract that the municipality thereafter will have jurisdiction to service the annexed area, the special service district shall continue to levy taxes in the annexed area for the retirement of any outstanding tax-secured bonds of the district and may continue to levy such maintenance tax as theretofore has been authorized for the full period of such authorization; however, the district shall not thereafter be authorized to levy any new maintenance taxes in the annexed area, and, if the district thereafter issues any tax-secured bonds, the assessed valuation of the annexed area shall not be used in computing the capacity of the district to issue such bonds, and taxes shall not be levied in the annexed area for the retirement of new bonds of the district, notwithstanding any provisions of law to the contrary.
In Caddo Parish Fire Districts Two, Three, Five and Six v.A.T. "Mike" Clingan C.L.A., 649 So. 2d. 156 (La.App. 2d 1995)rehearing denied, the Second Circuit interpreted La. R.S.33:221 stating that "[i]t is only when the municipality and special service district enter into a contract and agree that the municipality will have the exclusive jurisdiction to service the annexed area that the district must cease levying maintenance taxes."
The court further noted in Clingan that it agreed with La. Atty. Gen. Op. No. 92-296 holding:
 While not binding, we agree with an opinion of the Attorney General written on June 3, 1992, which states, in part, as follows: By providing municipalities and service districts with a right to contract, the legislature has recognized that in absence of a *Page 3 
contract granting jurisdiction to the municipality, the districts have the right to provide services (and levy taxes) in annexed areas.
 * * *
 [I]t is only when the municipality and the special service district enter into a contract and agree that the municipality will have exclusive jurisdiction to serve the annexed area that the district must cease levying maintenance taxes therein, and even then the district "may continue to levy such maintenance tax as theretofore has been authorized for the full period of such authorization." Clingan at 159 citing La. Atty. Gen. Op. No. 92-296.
Accordingly, it is the opinion of this office that, in the absence of an intergovernmental agreement awarding the City exclusive jurisdiction to provide services in the annexed areas, the fire district is not prohibited from collecting taxes levied upon the land annexed by the City. Further, in the absence of a future agreement, the fire district may renew and collect taxes in the annexed areas. It should also be noted that, even if the City and the district enter into a contract granting the municipality the exclusive jurisdiction over the annexed area, the fire district would continue to levy and collect taxes in the annexed area for the retirement of any outstanding tax-secured bonds for the full period of authorization. In accord are La. Atty. Gen. Op. Nos. 99-46, 97-121, 94-461, 93-614, 93-564, 92-296 and 79-280.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: _____________________________
 CHRISTOPHER D. MATCHETT
 Assistant Attorney General